Docket No. 11 Civ. 0622 (ERK)(MDG)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DOUGLAS ALFORD,

Plaintiff,

- against -

THE CITY OF NEW YORK, NYPD POLICE OFFICER[S] DANIEL GONG and CALEEF MCLEAN,

Defendants.

# DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINT WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 12(b)(6)

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*Special Federal Litigation Division*
*3rd Floor*
*New York, N.Y. 10007*

*Of Counsel: Curt P. Beck*
*cbeck@law.nyc.gov*
*Tel: (212) 676-1395*
*Matter No. 2011-003715*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........ ii

PRELIMINARY STATEMENT ........ 1

POINT I

PLAINTIFF HAS FAILED TO DISTINGUISH THOSE CASES CITED BY DEFENDANTS THAT REQUIRE DISMISSAL OF HIS EXCESSIVE FORCE CLAIM AND FAILED TO CITE A SINGLE RELEVANT CASE IN SUPPORT OF HIS OPPOSITION TO DISMISSAL ........ 3

(i) None Of The Cases Cited By Plaintiff Have *Any* Applicability To This Case ........ 5

(ii) Plaintiff Has Failed To Address Or Explain How It Is That His Excessive Force Claim (Such As It Is) Was Only Asserted *After* Defendants Informed Him And The Court Of Their Intention To Dismiss 12(b)(6) ........ 7

(iii) Plaintiff's State Law Assault And Battery Claim Is Identical To His Federal Force Claim, So It Too Must Be Dismissed On The Merits ........ 9

(iv) Even If Plaintiff's *De Minimis* "Tight Handcuffing" Allegation Were Found To State A Claim, Defendant Gong Would Be Entitled To Qualified Immunity ........ 10

POINT II

PLAINTIFF'S *SOI DISANT* "FABRICATION OF EVIDENCE" CLAIM SHOULD ALSO BE DISMISSED ........ 11

(i) Even If The November 16, 2011 Transcript Were To Be Considered By The Court, Absolutely Nothing In That Transcript Supports Plaintiff's Bald Claim That NYPD P.O. McClean Fabricated Evidence ........ 12

CONCLUSION ........ 15

## TABLE OF AUTHORITIES

**Cases** **Pages**

Abreu v. Nichols,
368 Fed. Appx. 191 (2d Cir. 2010) ... 6

Ashcroft v. Iqbal,
556 U.S. 662, 129 S. Ct. 1937 (2009) ... 4, 5, 14

Bell Atlantic Corp. v. Twombley,
550 U.S. 544 (2007) ... 5, 14

Bellows v. Dainack,
555 F2d 1105 (2d. Cir. 1977) ... 6

Bratton v. N.Y. State Div. of Parole,
2008 U.S. Dist. LEXIS 30250, 2008 WL 1766744 (N.D.N.Y. April 14, 2008) ... 4

Burchett v. Kiefer,
310 F.3d 937 (6th Cir. 2002) ... 3

Castro v. County of Nassau,
739 F. Supp. 2d 153, 178 (E.D.N.Y. 2010) ... 9

Collitan v. Cravath, Swaine & Moore,
2008 U.S. Dist. LEXIS 74388 (S.D.N.Y. Sept. 24, 2008) ... 7

Dozier v. Deutsche Bank Trust Co. Americas,
2011 U.S. Dist. LEXIS 100467 (S.D.N.Y. Sept. 1, 2011) ... 8

Drummond v. Castro,
522 F. Supp. 2d 667 (S.D.N.Y. 2007) ... 4

Esmont v. City of New York,
371 F. Supp. 2d 202 (E.D.N.Y. 2005) ... 3

Fifield v. Barrancotta,
545 F. Supp. 2d 307 (W.D.N.Y. 2008) ... 3

Genia v. Parker,
2007 U.S. Dist. LEXIS 19700 (E.D.N.Y. Mar. 20, 2007) ... 3

Golio v. City of White Plains,
459 F. Supp. 2d 259 (S.D.N.Y. 2006) ... 4

Gonzalez v. City of New York,
2000 U.S. Dist. LEXIS 5230, 2000 WL 516682 ... 4

Cases | Pages

Graham v. Connor, 490 U.S. 386, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989) ..... 3

Grant v. City of New York, 500 F. Supp. 2d 211 (S.D.N.Y. 2007) ..... 4

Hamlett v. Town of Greenburgh, 2007 U.S. Dist. LEXIS 3201, 2007 WL 119291 (S.D.N.Y. Jan. 16, 2007) ..... 4

Hudson v. McMillian, 503 U.S. 1 (1992) ..... 6

Kant v. Columbia University, 2010 U.S. Dist. LEXIS 21900 (S.D.N.Y. Mar. 9, 2010) ..... 8

Khaja-Moinuddin v. City of N.Y., 07-cv-3644, 2010 U.S. Dist. LEXIS 102914 (E.D.N.Y. Sept. 27, 2010) ..... 5

Kramer v. City of New York., 04-CV-0106 (HB), 2004 U.S. Dist. LEXIS 21914 (S.D.N.Y. Nov. 1, 2004) ..... 9

Lynch v. City of Mount Vernon, 567 F. Supp. 2d 459 (S.D.N.Y. 2008) ..... 3

People v. Colon, 847 N.Y.S.2d 44 (App. Div., 1st Dep't. 2007) ..... 13

People v. Ibrahim Kane, 823 N.Y.S.2d 658 (N.Y. Sup. Oct. 26, 2006) ..... 13

People v. Kashana Murphy, 929 N.Y.S.2d 202 (N.Y. Sup. May 9, 2011), leave to appeal denied, 2011 N.Y. LEXIS 2884 (N.Y. Aug.2, 2011) ..... 13

Posr v. Doherty, 944 F.2d 91 (2d Cir. 1991) ..... 9

Ricciuti v. City of New York, 124 F.3d 123 (2d. Cir. 123) ..... 14

Robinson v. Via, 821 F.2d 913 (2d Cir. 1987) ..... 6

Tianshu Li v. United States, 05 Civ. 6237 (NRB), 2009 U.S. Dist. LEXIS 96945 (S.D.N.Y. Oct, 8, 2009) ..... 9

**Cases** **Pages**

Vogeler v. Colbath,
2005 U.S. Dist. LEXIS 44658, 2005 WL 2482549 (S.D.N.Y. Oct. 6, 2005) ..... 4

Wallace v. N.Y.C. Dep't of Correction,
1996 U.S. Dist. LEXIS 22368 (E.D.N.Y. Oct. 21, 1996) ..... 7

Wilder v. Vill of Amityville,
288 F. Supp. 2d 341 (E.D.N.Y. 2003) ..... 4

Wilkins v. Gaddy,
130 S.Ct 1175 (2010) ..... 6

Williams v. City of Mount Vernon,
428 F. Supp. 2d 146 (S.D.N.Y. 2006) ..... 3

**Statutes**

42 U.S.C. § 1983 ..... 9

Fed. R. Civ. P. 12(b)(6) ..... 1, 7

N.Y. Gen. Bus. Law § 34 ..... 10

N.Y. Penal Law §195.05 ..... 10

N.Y. Penal Law §240.20(6) ..... 10, 13

N.Y. Penal Law §275.35 ..... 13

N.Y. Tax Law §1817 ..... 10

**Other Authorities**

NYPD Patrol Guide, Procedure No. 208-06 ..... 10, 11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

DOUGLAS ALFORD,

Plaintiff,

-against-

Docket No. 11 Civ. 0622 (ERK)(MDG)

THE CITY OF NEW YORK, NYPD POLICE OFFICER[S] DANIEL GONG and CALEEF MCLEAN,

Defendants.

---------------------------------------------------------------------- x

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINT WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendants, the City of New York, NYPD P.O. Daniel Gong, and NYPD P.O. Caleef McClean (collectively "Defendants"),[1] respectfully submit this Reply Memorandum of Law in support of their motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss plaintiff Douglas Alford's ("Plaintiff's") Amended Complaint with prejudice because all of Plaintiff's claims fail as a matter of law.

## PRELIMINARY STATEMENT

Plaintiff's Opposition to Defendant's Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) fails to address, and thus belatedly concedes, that all but two of his claims must be dismissed. More specifically, Plaintiff concedes (i) there was probable cause to arrest him on August 5th, (ii) there was probable cause to arrest to arrest him on August 13th, and

[1] As noted in Defendants' Motion, defendants are correcting plaintiff's misspelling of defendant NYPD P.O. Caleef McClean's name.

(iii) his Monell claim against the City is meritless and this claim against the City must be dismissed.

Thus, despite all Plaintiff's prior superheated rhetoric, the only contested claims that remain in the Amended Complaint are: (i) an excessive force claim against Officer Gong for "tight handcuffing" (both federal and state), and (ii) a federal claim against Officer McClean for "fabrication of evidence." However, Plaintiff has utterly failed to distinguish *any* of the case law set forth in Defendants' opening Memorandum of Law demonstrating why Plaintiff's excessive force claim is anything other than a "*de minimis* tight-handcuffing" claim which courts in this Circuit do not allow. Instead, Plaintiff has cited to totally inapposite Eighth Amendment jurisprudence (pertaining to post-conviction detentions, not pre-trial detainees) none of which has any legal or factual bearing on this case. Nor has Plaintiff explained, or addressed in any way, the fact that the original Complaint contained no excessive force claim and that the Amended Complaint only included such a claim *after* Defendants informed the Court of their intent to move to dismiss on this basis.

With respect to Plaintiff's *soi disant* "fabrication of evidence" claim, Plaintiff, in a desperate and disengenous attempt to salvage it, has dishonestly argued that his "fabrication of evidence" claim "relied upon" *a transcript that did not even exist at the time the claim was framed* and thus could not have been "relied upon," let alone "heavily relied upon," and certainly was never "directly referenced" in either the Complaint or the Amended Complaint. Accordingly, as detailed below and in Defendants' opening Memorandum, this Court should grant Defendants' motion and dismiss the Amended Complaint with prejudice.

## POINT I

**PLAINTIFF HAS FAILED TO DISTINGUISH THOSE CASES CITED BY DEFENDANTS THAT REQUIRE DISMISSAL OF HIS EXCESSIVE FORCE CLAIM AND FAILED TO CITE A SINGLE RELEVANT CASE IN SUPPORT OF HIS OPPOSITION TO DISMISSAL**

As Defendants noted in their opening Memorandum, at pp. 21-23, to establish a Section 1983 claim for excessive force, a plaintiff must show that "the force used was excessive or unreasonable in light of the circumstances." Williams v. City of Mount Vernon, 428 F. Supp. 2d 146, 157-58 (S.D.N.Y. 2006) (citing Graham v. Connor, 490 U.S. 386, 395-96, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989)). In this case, the only allegation Plaintiff makes is that his handcuffs were applied too tightly. He never sought medical treatment. He was not "injured." Indeed, by Plaintiff's own admission, the only "evidence" of his alleged claim is his undocumented, self-serving statement that the cuffs left a temporary "red line" on his wrist. As this Court has repeatedly made clear: "in evaluating the reasonableness of handcuffing, a Court is to consider evidence that: 1) the handcuffs were unreasonably tight; 2) the defendants ignored the [plaintiff's] pleas that the handcuffs were too tight; and 3) the degree of *injury to the wrists.*" Esmont v. City of New York, 371 F. Supp. 2d 202, 215 (E.D.N.Y. 2005) (emphasis in original) (citing Burchett v. Kiefer, 310 F.3d 937, 944-45 (6th Cir. 2002)); see also Genia v. Parker, 2007 U.S. Dist. LEXIS 19700, at *71-72 (E.D.N.Y. Mar. 20, 2007) (same); Fifield v. Barrancotta, 545 F. Supp. 2d 307, 310-312 (W.D.N.Y. 2008) (same).

The court in Lynch v. City of Mount Vernon, 567 F. Supp. 2d 459 (S.D.N.Y. 2008), made it equally clear:

> "*the fact that the tight handcuffing did not cause [plaintiff] any continuing injury is fatal to the excessive force claim. As noted, plaintiff testified that he never sought medical treatment as a result of the incident. There is a consensus among courts in this circuit that tight handcuffing does not constitute excessive force unless it causes some injury beyond temporary discomfort.* See, e.g., Bratton v. N.Y. State Div. of Parole, 2008 U.S. Dist. LEXIS 30250, 2008 WL 1766744, at *9-10 (N.D.N.Y. April 14, 2008); Hamlett v. Town of Greenburgh, 2007 U.S. Dist. LEXIS 3201, 2007 WL 119291, at *3 (S.D.N.Y. Jan. 16, 2007); Drummond v. Castro , 522 F. Supp. 2d 667, 679 (S.D.N.Y. 2007); Grant v. City of New York, 500 F. Supp. 2d 211, 217 (S.D.N.Y. 2007); Golio v. City of White Plains, 459 F. Supp. 2d 259, 265 (S.D.N.Y. 2006); Vogeler v. Colbath, 2005 U.S. Dist. LEXIS 44658, 2005 WL 2482549, at *9 (S.D.N.Y. Oct. 6, 2005); Wilder v. Vill of Amityville, 288 F. Supp. 2d 341, 344 (E.D.N.Y. 2003) ("*Plaintiff's allegation of sore, yet uninjured, wrists simply does not rise to the level of objective excess that reasonable police officers would consider to be unlawful conduct in an arrest situation. Plaintiff's claim of excessive force fails.*") (Emphasis added); Gonzalez v. City of New York, 2000 U.S. Dist. LEXIS 5230, 2000 WL 516682, at *4. As one court explained: "handcuffing can give rise to a § 1983 excessive force claim where plaintiff suffers an injury as a result. However, if the application of handcuffs was merely uncomfortable or caused pain, that is generally insufficient to constitute excessive force." Gonzalez, 2000 U.S. Dist. LEXIS 5230, 2000 WL 516682, at *4 (internal citations omitted). *Because there is no evidence that the tight handcuffing injured [plaintiff], and plaintiff[] do[es] not claim that it did, it did not constitute excessive force.*"

Lynch, 567 F. Supp. 2d at 468-69 (emphases added).

In this case, Plaintiff's Amended Complaint is devoid of a single, Iqbal-compliant allegation of injury (i.e., other than the improper formulaic "plaintiff was injured"). Moreover, as Plaintiff himself admits, he was not in fact injured, sought no medical treatment, and even if one credits his statement -- which was never included in the Complaint, nor even in the

Amended Complaint -- at most had an undocumented, temporary "red line" on his wrist.[2] In addition, Plaintiff admits the handcuffs were loosened when he complained. Beck Decl. Ex. C (Amended Complaint) at ¶¶ 20-21. Accordingly, Plaintiff's "*de minimis* tight handcuffing" claim should be dismissed.

Plaintiff has chosen to totally ignore the entire body of case law cited in Defendants' opening Memorandum pertaining to "*de minimis* tight-handcuffing" claims demonstrating why Plaintiff's belatedly asserted excessive force claim must be dismissed under the relevant Fourth Amendment reasonableness standard. See Defendants' Memorandum of Law at pp. 21-22. Plaintiff concedes that the only allegation of excessive force in the Amended Complaint was that "plaintiff was subjected to excessive force, resulting in physical injuries, and pain and suffering." Plaintiffs' Memorandum in Opposition (hereinafter, "Plf's Opp." at p. 3. However, that type of allegation is precisely the mere "label[ing] and conclusion[ary]" pleading that the Supreme Court, in Ashcroft v. Iqbal, 129 S. Ct.1937 (2009) and Bell Atlantic Corp. v. Twombley, 550 U.S. 544 (2007), said "will not do." Because Plaintiff's excessive force allegations "are no more than conclusions, [they] are not entitled to the assumption of truth." Khaja-Moinuddin v. City of N.Y., 07-cv-3644, 2010 U.S. Dist. LEXIS 102914, at *7 (E.D.N.Y. Sept. 27, 2010) (Amon, J.) (quoting Iqbal, 129 S. Ct. at 1949-50 and dismissing the complaint with prejudice).

**(i) None Of The Cases Cited By Plaintiff Have *Any* Applicability To This Case**

Plaintiff appears confused as to the applicable body of case law that applies in this case. Plaintiff cites to Eighth Amendment jurisprudence and not the relevant body of law:

---

[2] Defendants note that the snippets of Plaintiff's 50(h) transcript, annexed as Exhibit 3 to the Mosaku Declaration, proves only that Plaintiff's belatedly abandoned First Amendment argument was interposed in bad faith. The snippet Plaintiff attached demonstrates that Plaintiff's peddling activities were purely commercial. Mosaku Decl. Ex. 3 at pp. 9-11.

Fourth or Fourteenth Amendment jurisprudence. See Plf's Opp. at pp. 4-5 (citing Hudson v. McMillian, 503 U.S. 1 (1992) and Wilkins v. Gaddy, 130 S.Ct 1175 (2010)). Not only are both those cases Eighth Amendment "cruel and unusual" standard cases, but the facts in both do nothing to advance Plaintiff's argument because they are not "*de minimis* tight handcuffing" cases.

In Wilkins, plaintiff "alleged that he was *punched, kicked, kneed, choked and body slammed* 'maliciously and sadistically.'" Wilkins, at 1179 (emphasis added). The facts in Hudson were even farther afield from those here. As the Court noted in Hudson, one prison guard:

> "[p]laced Hudson in handcuffs and shackles, took the prisoner out of his cell, and . . . *punched Hudson in the mouth, eyes, chest, and stomach while [another guard] held [Hudson] in place and kicked and punched him from behind* . . . . As a result of this episode Hudson suffered minor bruises and swelling of his face, mouth, and lip. *The blows also loosened Hudson's teeth and cracked his partial dental plate* . . . ."

Id. at 4 (emphasis added).

These facts are a far cry from the case here -- where the only *factual* allegation in the Amended Complaint is that the handcuffs were secured too tightly to the plaintiff's wrists. Similarly, none of the other cases cited by Plaintiff -- Abreu v. Nichols, 368 Fed. Appx. 191 (2d Cir. 2010), Robinson v. Via, 821 F.2d 913 (2d Cir. 1987), and Bellows v. Dainack, 555 F2d 1105 (2d. Cir. 1977) -- are "*de minimis* tight handcuffing" cases either. In Abreu, yet another Eighth Amendment case, a prison guard was alleged to have used a hammer to assault an inmate. In Robinson, the plaintiff alleged she was "pushed up against [a] door and yanked out, and thr[own] up against a [car] fender" and that an officer "twisted [her] arm behind [her] back." Id. at 916. And in Bellows, the alleged excessive force included, twisting [plaintiff's] arm," pushing the

plaintiff, "pull[ing] the plaintiff by the scruff of the neck" and "striking him in the ribs." Id. at 1106.

In short, Plaintiff has utterly failed to cite a single case that even addresses *de minimis* tight handcuffing – let alone found one in which the claim was not dismissed. The case for dismissal here is even stronger because Plaintiff admits that the allegedly "tight handcuffs' (i) were loosened upon his request, (ii) caused no injury, and, (iii) at worst, left only a red mark.

**(ii) Plaintiff Has Failed To Address Or Explain How It Is That His Excessive Force Claim (Such As It Is) Was Only Asserted *After* Defendants Informed Him And The Court Of Their Intention To Dismiss 12(b)(6)**

Plaintiff's initial Complaint contained no excessive force claim. See Beck Decl. Ex. B. It was only a*fter* Defendants informed the Court of this fact and their intention to move to dismiss the initial Compliant in its entirety, and the grounds therefore, that Plaintiff "amended" his Complaint to assert such a claim. Plaintiff's attempt to resuscitate his case by belatedly asserting such a claim is nothing more a transparent ploy to avoid dismissal. It should be rejected, as this Court and courts in this Circuit have recognized repeatedly.

For example, in Wallace v. N.Y.C. Dep't of Correction, 1996 U.S. Dist. LEXIS 22368 (E.D.N.Y. Oct. 21, 1996), defendants moved to dismiss alleging that plaintiff had failed to allege the existence of a municipal policy that caused the constitutional violation. Although plaintiff subsequently included such allegations in his amended complaint, the court rejected those allegations:

> The plaintiff blatantly changes his statement of facts in order to respond to the defendants' motion to dismiss. In this amended complaint, the plaintiff directly contradicts the facts set forth in his original complaint. This court accepts the facts as described in the original complaint as true . . . .

Id. at * 4. Similarly, in Collitan v. Cravath, Swaine & Moore, 2008 U.S. Dist. LEXIS 74388 (S.D.N.Y. Sept. 24, 2008), plaintiff amended his complaint in response to arguments made in

defendants' pre-motion letter. The court rejected these new allegations, describing them as a "*transparent attempt by plaintiff to amend his pleading in order to avoid a dispositive defense* raised by" defendant. Id. at *18-19. Indeed, finding a number of plaintiff's new allegations to be "dubious and contradictory," the court sanctioned plaintiff for this misconduct. Id. at *37-39 (emphasis added).

In Kant v. Columbia University, 2010 U.S. Dist. LEXIS 21900, at *17 (S.D.N.Y. Mar. 9, 2010), the court denied plaintiff leave to file a third amended complaint, finding it contained allegations that "could not be reconciled" with those in his second amended complaint. Noting the seminal nature of the subject of the contradictory allegations, the Court noted:

> Kant's *unexplained new recollection* concerning this critical aspect of [his claim] ten months after his original complaint was filed and after Defendant had moved to dismiss . . . strongly suggests bad faith. Courts are free to consider direct contradictions between earlier pleadings and a proposed amended pleading in determining whether to grant leave to amend, *particularly when the proposed amendments concern facts clearly within the plaintiff's knowledge when previous complaints were filed.*

Id. at *20-21 (emphases added), and cases cited therein. See also Dozier v. Deutsche Bank Trust Co. Americas, 2011 U.S. Dist. LEXIS 100467, at *10 (S.D.N.Y. Sept. 1, 2011) (in deciding motion to dismiss, rejecting allegations made in amended complaint that did not comport with earlier pleading).

As in the cited cases, Plaintiff here includes in his Amended Complaint new allegations that are blatantly designed solely to avoid dismissal. It would strain credibility for Plaintiff to argue that he simply "forgot" about his alleged excessive force claim or did not think it was important when preparing the initial Complaint, as the facts that make up an excessive force claim are not easily forgotten or overlooked when bringing suit. Accordingly, Plaintiff has failed to explain them at all. Plaintiff's new allegations are, at best, dubious, and at worst, in bad

faith. They should be rejected.[3] As discussed more fully above, even if the Court were to consider Plaintiff's belated allegations, Plaintiff has not alleged *facts* demonstrating that he suffered a sufficiently serious injury to support his claim.

**(iii) Plaintiff's State Law Assault And Battery Claim Is Identical To His Federal Force Claim, So It Too Must Be Dismissed On The Merits**

Plaintiff's bald assertion that his state law assault and battery claim against Officer Gong (and vicariously against the City) could survive despite the dismissal of his federal excessive force claim is silly and without any basis in law or fact. Plaintiff's state law assault and battery claim, such as it is, is based on the same nucleus of operative fact (or more accurately, lack thereof) and thus is duplicative of his federal claim. See, e.g., Castro v. County of Nassau, 739 F. Supp. 2d 153, 178, n.17 (E.D.N.Y. 2010) (same standard applies for § 1983 excessive force claim and state law assault and battery claims); Tianshu Li v. United States, 05 Civ. 6237 (NRB), 2009 U.S. Dist. LEXIS 96945, at *5, n.2 (S.D.N.Y. Oct, 8, 2009) ("As against law enforcement personnel, assault and battery claims under New York law parallel the Fourth Amendment standard governing the use of force incident to a lawful arrest.") (citing Posr v. Doherty, 944 F.2d 91, 94-95 (2d Cir. 1991)) (other citations omitted); Kramer v. City of New York., 04-CV-0106 (HB), 2004 U.S. Dist. LEXIS 21914, at *33-34 (S.D.N.Y. Nov. 1, 2004) ("In the context of state officers performing their lawful duties, New York State law regarding assault and battery parallels the federal laws regarding excessive force."). Thus, as Defendants set forth in their opening brief, and again above, because plaintiff's *federal* excessive force claim against

[3] Defendants note that plaintiff also swore *under oath to the ECB Judge* on July 1, 2010, *and* in his responses to Defendants' Interrogatories in this very case, that he had a Certificate of Authority but "misplaced said document." See e.g., Beck Decl. Ex. E; see also Deft's opening Mot. at pp. 6-8. Those sworn statements have now been shown to be false. See Docket Entries 9, 11, 13, 17, 20, and 23; Minute Entry 5/24/2011. Plaintiff's penchant to prevaricate -- even under oath -- only fortifies Defendants' concerns.

officer Gong is without merit, Plaintiff's *state* law assault and battery claim is equally meritless and should be dismissed -- with prejudice.[4]

**(iv) Even If Plaintiff's *De Minimis* "Tight Handcuffing" Allegation Were Found To State A Claim, Defendant Gong Would Be Entitled To Qualified Immunity**

Even if the allegations in the Amended Complaint could be construed to state a viable claim for excessive force, and they cannot, defendant P.O. Gong would nonetheless be entitled to qualified immunity for that claim. As defendants noted in their Opening Memorandum of Law at pp. 3-4, Officer Gong asked plaintiff to show his Vendor's License (which plaintiff does not have) and his Certificate of Authority (which plaintiff does not have). Plaintiff refused to comply. Officer Gong then ordered plaintiff "to leave before he got a summons." Id. p. 18, fn.13. Plaintiff again refused to comply, stating "No, give me a summons, I'm not leaving." Id.

In the process of accommodating plaintiff's ill-advised request, Officer Gong discovered that *in addition* to violating (i) N.Y.S. Gen. Bus. Law § 34 (vending without a license), (ii) N.Y.S. Tax Law § 1817 (failure to possess and display prominently a Certificate of Authority), (iii) N.Y.S. Penal Law § 240.20(6) (disorderly conduct), and (iv) N.Y.S. Penal Law § 195.05 (obstructing governmental administration), Plaintiff also had (v) an outstanding bench warrant for his arrest. See Beck Decl. Ex. F. As a result, P.O. Gong had no choice but to arrest Plaintiff and transport him to the precinct. Under such circumstances, the NYPD Patrol Guide *required* that Plaintiff be handcuffed. See NYPD Patrol Guide, Procedure No. 208-06 (stating

[4] In fairness to Plaintiff and his counsel, it seems proper and right for Defendants to acknowledge, as they do here, that Plaintiff did in fact file an earlier Notice of Claim than the January 12, 2012 Notice attached as Exhibit K to the Beck Decl. Why Plaintiff filed the January 12, 2012 Notice of Claim given his earlier Notice is unclear to Defendants nor explained by Plaintiff. In any event, it makes no difference, since, as detailed *supra*, the Plaintiff's state law assault and battery claim should be dismissed on the merits.

"[w]hen a prisoner is transported in a Department vehicle, the prisoner *will be* rear handcuffed . . . .") (emphasis added); see also NYPD Interim Order, dated 02-02-04, to P.G. 208-06 (same). Moreover, by Plaintiff's own admission, the allegedly "tight" handcuffs were loosened when he informed the police of his "discomfort." Beck Decl. Exhibit C (Amended Complaint) at ¶¶ 19-20. Thus, even if Plaintiff had stated a viable excessive force claim for tight handcuffing -- which of course he has not -- for all the reasons set forth in Defendants' opening Memorandum at pp. 23-25, defendant P.O. Gong would be entitled to qualified immunity and the claim would still be dismissed.

## POINT II

### PLAINTIFF'S *SOI DISANT* "FABRICATION OF EVIDENCE" CLAIM SHOULD ALSO BE DISMISSED

In a last desperate effort to salvage something, anything, from his Complaint, Plaintiff disingenuously attempts to found an argument that his fabrication of evidence should not be dismissed based on a November 16, 2011 transcript annexed to his counsel's Declaration at Exhibit 4. Plaintiff's counsel then represents to the Court that this transcript was "relied upon by the plaintiff in bringing this action; and/or w[as] directly referenced in the Amended Complaint; and/or w[as] heavily relied upon in framing the cause of action pled." Plf's Opp. at. p. 3. The problem with this assertion is that it is demonstrably false.

First, the November 16, 2011 transcript did not even exist when Plaintiff brought this action on February 8, 2011. Quite obviously, it could not have been relied upon in framing Plaintiff's "fabrication of evidence" claim -- or any other claim set forth in the original Complaint for that matter.

Second, nowhere in the Amended Complaint was this transcript "directly referenced," as plaintiff's counsel falsely claims.

Third, and finally, comparison of the original Complaint with the Amended Complaint, conclusively shows that this transcript was not "heavily relied upon" or relied upon in any way for that matter, in framing Plaintiff's so-called fabrication of evidence claim. Plaintiff's fabrication of evidence claim, again such as it is, comprised paragraphs 41 through 46 of the original Complaint. In the Amended Complaint -- as a result of Plaintiff's belated introduction of his suspect excessive force claim -- Plaintiff's six paragraph fabrication of evidence claim migrated to paragraphs 61 through 66.

However, it is still word-for-word identical to the six paragraph fabrication of evidence claim set forth in the original Complaint at paragraphs 41 through 46. Indeed, there is absolutely nothing in the Amended Complaint that amplifies the original Complaint's allegation regarding fabrication of evidence. In short, Plaintiff's counsel has, once again, been a little too overly economical with the truth. Clearly, Exhibit 4 to the Mosaku Declaration was never "relied upon" or "directly referenced" or "heavily relied upon" in framing Plaintiff's fabrication of evidence claim and thus can not properly be considered on this Motion.

**(i) Even If The November 16, 2011 Transcript Were To Be Considered By The Court, Absolutely Nothing In That Transcript Supports Plaintiff's Bald Claim That NYPD P.O. McClean Fabricated Evidence**

Even if this Court were to consider the November 16, 2011 transcript, nothing in it evidences any falsification of evidence. Contrary to Plaintiff's Opposition at p. 7, nothing in Officer McClean's testimony contradicts itself – he stated there was nothing on the CD itself, but apparently there was some writing on some of the covers to the CDs. Moreover, nothing in the November 16, 2011 transcript (or, for that matter, the 50(h) transcript annexed at Exhibit 3 to the

Mosaku Declaration) even suggests that there was a "Certificate of Origin" on the seized CD-Rs.[5] Indeed, as Docket Entry 16 makes clear, there was not.

The CD-R's seized by P.O. McClean during the August 13th Arrest:

- were "piratical and fail[ed] to disclose the actual name *and address of the manufacturer* as required by NYCLS Penal 275.35/275.40;"
- their packaging "did not include pictures of the artist . . . . Legitimate sound recordings usually include quality photos and artwork with clear graphics and lettering;"
- did not contain a record label;
- were on blue/green Compact Disc Recordable (CD-R) discs instead of the industry standard factory-pressed silver Compact Discs (CD);
- used insert cards that were printed on low-grade paper and improperly trimmed; and
- contained, on a single CD-R, recordings identified by track listings belonging to multiple Recording Industry Association of America ["RIAA"] members and artists that have not been legitimately released in that format.

Docket Entry 16 (Beck Decl. Ex. I) (emphasis added). Moreover, nowhere in the Complaint, or in the Amended Complaint (or in *any* transcript for that matter) is there an allegation, averment,

---

5 By statute, a "Certificate of Origin" requires, *inter alia*, both (i) the name, *and* (ii) the address of the manufacturer or (i) the name of the principal artist. See N.Y.S. Penal Law § 275.35 (failure to disclose origin of a recording in the second degree). Section 275.35 is the misdemeanor equivalent of N.Y.S. Law Penal § 275.40 (a Class E Felony). See People v. Ibrahim Kane, 823 N.Y.S.2d 658 (N.Y. Sup. Oct. 26, 2006) (discussing the legislative history and requirements of Sections 275.35 and 275.40, as well as the statutes' critical role in battling the "overall problem of the sale of illegal goods" and "illicit sound recordings" in New York City, as well of course as upholding the arrest of Mr. Kane); People v. Kashana Murphy, 929 N.Y.S.2d 202 (N.Y. Sup. May 9, 2011) *leave to appeal denied*, 2011 N.Y. LEXIS 2884 (N.Y. Aug.2, 2011) (similar and noting that the People's reliance on a RIAA "recording expert's" affidavit – like the one in this case – was sufficiently evidentiary to uphold the offense.) There are other requirements in order for a Certificate of Authority to be valid. For example only, the address listed must be a physical one and may not be an internet or Web site. People v. Colon, 847 N.Y.S.2d 44 (App. Div., 1st Dep't. 2007) .

or even so much as a simple statement of fact *by plaintiff* that the CD-Rs he was peddling on August 13th did in fact contain a "Certificate of Origin" that complied with New York State Law.

Thus, there simply is nothing "contradictory" in the *factual* testimony or the allegations of Plaintiff and P.O. McClean. P.O. McClean stated there was no "Certificate of Origin" on the CD-Rs. In addition, the RIAA confirmed that there was no Certificate of Authority on the CD-Rs. See Docket Entry 16. Plaintiff never said, let alone alleged, that there was a "Certificate of Authority" on the CD-Rs. Moreover, even if he had, it is apparent, based on his inadmissible November 16, 2011 testimony, that he does not seem to know what a Certificate of Authority is.

In short, the allegations in the Amended Complaint with respect to Plaintiff's fabrication of evidence claim simply are not Iqbal compliant. Certainly, the Amended Complaint certainly does not identify any such false evidence or provide "sufficient factual matter" to state a claim to relief for fabrication of evidence that is "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Nor does the improperly submitted November 16, 2011 transcript. Accordingly, for all the reason set forth in Defendants' opening Memorandum of Law and above, Plaintiff's fabrication of evidence claim must also be dismissed with prejudice.[6]

---

[6] The facts in Ricciuti v. City of New York, 124 F.3d 123 (2d. Cir. 123), cited in Plf's Opp. at p. 9, make clear that Plaintiff's citation is again off-point. In Ricciuti, unlike this case, there was voluminous "evidence" – including a detailed, written statement of confession, altered police arrest records, as well as the cut-loose police officers' inability or refusal to refute that the confession was fabricated that precluded summary judgment. These facts are far different than those in this case where there simply is no fact or evidence whatsoever of any fabrication -- other than the fabrications by Plaintiff, of course. See e.g., Plaintiff's false statements that he had a State-issued Certificate of Authority, the State certification it had not issued him one and his First Amendment Vendor claim -- now debunked by Plaintiff's inclusion of snippets from his 50(h) transcript, at Mosaku Decl. Ex. 3 pp. 9-11 (not surprisingly, the pages that Plaintiff's

**CONCLUSION**

For the foregoing reasons, and those set forth in their opening motion papers, defendants, the City of New York, NYPD P.O.s Daniel Gong and Caleef McClean, respectfully request that the Court grant their motion to dismiss the Amended Complaint, with prejudice, pursuant to Fed. Civ. R. P. 12(b)(6), together with such costs, fees and further relief as the Court deems just and proper.

Dated: New York, New York
March 7, 2012

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for the Defendants
100 Church Street, 3d Floor
New York, New York 10007
(212) 676-1396
cbeck@law.nyc.gov

By: ______________________
CURT P. BECK
Special Assistant Corporation Counsel
Special Federal Litigation Division

To: Wale Mosaku, Esq. (By E.C.F. and First-Class Mail)
Attorney for Plaintiff
25 Bond Street, Apt 3
Brooklyn, NY 11201

---

counsel omitted even further demonstrate Plaintiff's fabrication of his earlier First Amendment claim.)