```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X

DOUGLAS ALFORD,

                Plaintiff,
                                                    ORDER
        - against -
                                            CV 2011-0622 (ERK)(MDG)
THE CITY OF NEW YORK, et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - -X
```

By letter motion dated January 25, 2012, defendants move for an order precluding "plaintiff from disputing, in any motion or trial pertaining to this action, that plaintiff Douglas Alford neither possessed, nor produced, nor displayed a Certificate of Authority on August 5th and August 13th 2010" and for monetary sanctions against plaintiff's counsel, Wale Mosaku.

### BACKGROUND

In his amended complaint, plaintiff alleges claims under 42 U.S.C. § 1983 stemming from his arrests on August 5, 2010 and August 13, 2010 while selling CDs on the sidewalk. Plaintiff was arrested for Unlicensed General Vending and Failure to have a Certificate of Authority with respect to the first arrest, which charges were adjourned contemplating dismissal on October 6, 2010. With respect to the August 13, 2010 arrest, plaintiff was charged with Unlicensed General Vending and Failure to Disclose the Origin of Recording. Following a bench trial on November 16, 2011, the charges stemming from the August 13 arrest were

dismissed.

At the initial conference on May 24, 2011, I ordered the parties to promptly exchange documents pertinent to defendants' contemplated motion to dismiss. <u>See</u> minute entry dated 5/24/11. At a conference on June 29, 2011, I granted defendants' motion to compel to the extent of ordering plaintiff to provide the documents previously required to be produced. <u>See</u> minute entry dated 6/29/11. Although the Certificate of Authority was not specifically mentioned in either order, it was specifically discussed at both conferences and among the documents addressed in defendants' motion to compel. <u>See</u> ct. doc. 9.

At a conference on July 26, 2011, I again ordered plaintiff to produce the Certificate of Authority and warned that he would be precluded from offering it in this action if he failed to do so. <u>See</u> ct. doc. 17. By order dated January 8, 2012, I again ordered plaintiff to produce the Certificate of Authority, extended his time to do so until January 24, 2012, and warned that he would otherwise be precluded from using the Certificate of Authority in this action. <u>See</u> electronic order filed on January 8, 2012. Plaintiff has not produced any Certificate of Authority.

## DISCUSSION

Rule 37(b)(2) of the Federal Rules of Civil Procedure governs the sanctions that a court may impose for failure to comply with an order to provide discovery. The Rule provides, in

pertinent part:

> If a party ... fails to obey an order to provide or permit discovery, ... the court where the action is pending may issue further just orders. They may include the following: ...(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; . . . (C) Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(A) and (C).

A district court has wide discretion in imposing sanctions under Rule 37(b)(2). See Burrell v. AT&T Corp., 282 Fed. Appx. 66, 67 (2d Cir. 2008); Daval Steel Prods. v. M/V Fakvedine, 951 F.2d 1357, 1365 (2d Cir. 1991). Rule 37 "places the burden on the disobedient party to avoid expenses [including attorneys' fees] by showing that his failure is justified or that special circumstances make an award of expenses unjust." JSC Foreign Economic Ass'n Technostroyexport v. Int'l Dev. and Trade Servs., Inc., 2005 WL 1958361, at *11 (S.D.N.Y. 2005) (quoting 1970 Advisory Committee Notes to Rule 37(b)). "An award of reasonable fees incurred in bringing a motion to compel discovery is the least harsh of all the sanctions allowed under Rule 37." Id. "Under Rule 37, a finding of bad faith or willful misconduct is not required before the Court can award attorneys' fees." Id.

Plaintiff, who previously claimed that he misplaced the

-3-

Certificate of Authority, offers no argument in response other than to say that the prior orders of July 26, 2011 and January 8, 2012 suffice. He does not explain whether he made any effort to obtain a copy of the document from the relevant government agency. Since this Court's prior orders only warned plaintiff of preclusion should he not produce the Certificate of Authority, this Court now orders its preclusion. Therefore, plaintiff is precluded from using in this action any document purporting to be a Certificate of Authority or reflecting issuance of such.

I further deny defendants' request for attorneys' fees. I find that the failure to produce the Certificate of Authority is substantially justified since plaintiff claims he does not have the document in his possession. Presumably, if such a document were able to be produced, plaintiff would have produced it because it would have supported his claim of false arrest.

## CONCLUSION

For the foregoing reasons, the defendants' motion for sanctions is granted in part and denied in part.

**SO ORDERED.**

Dated:   Brooklyn, New York
         March 20, 2012

                              ____/s/_____
                              MARILYN D. GO
                              UNITED STATES MAGISTRATE JUDGE