```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X

DOUGLAS ALFORD,

                Plaintiff,
                                                ORDER
        - against -
                                                CV 2011-0622 (ERK)(MDG)
THE CITY OF NEW YORK, et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - -X
```

By letter motion dated February 6, 2012, defendants move for a stay of discovery pending resolution of their motion to dismiss. See ct. doc. 29. Although plaintiff did not file a response to defendants' motion to stay, plaintiff indicated in a letter dated January 31, 2012 that it would oppose any such application. See ct. doc. 25 at 2.

BACKGROUND

In his amended complaint, plaintiff alleges claims for, inter alia, false arrest, denial of the right to a fair trial and excessive force pursuant to 42 U.S.C. § 1983 arising out of his arrests on August 5, 2010 and August 13, 2010 while selling CDs on the sidewalk. Amended Complaint (ct. doc. 21) at ¶¶ 13-14, 35-36. Plaintiff was arrested for Unlicensed General Vending and Failure to have a Certificate of Authority with respect to the first arrest, which charges were adjourned contemplating dismissal on October 6, 2010. Declaration of Curt Beck dated February 1, 2012 ("Beck Decl.") (ct. doc. 28-1), Exh. G. At the

time of the first arrest, there was an outstanding bench warrant for plaintiff issued on December 14, 1997.  Id., Exh. F.  With respect to the August 13, 2010 arrest, plaintiff was charged with Unlicensed General Vending and Failure to Disclose the Origin of Recording.  Declaration of Wale Mosaku dated February 23, 2012 ("Mosaku Decl.") (ct. doc. 30), Exh. 1.  Following a bench trial on November 16, 2011, the charges stemming from the August 13 arrest were dismissed.  Id., Exh. 4.

## DISCUSSION

A party seeking a stay of discovery pursuant to Fed. R. Civ. P. 26(c) bears the burden of showing good cause.  Brooks v. Macy's, Inc., 2010 WL 5297756, at *1 (S.D.N.Y. 2010); Telesca v. Long Island Hous. P'ship, Inc., 2006 WL 1120636, at *1 (E.D.N.Y. 2006).  The pendency of a dispositive motion is not, in itself, an automatic ground for a stay.  Id.  Rather, a court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case.  Hachette Distribution, Inc. v. Hudson County News Co. Inc., 136 F.R.D. 356, 358 (E.D.N.Y. 1991).  Courts consider the following factors in determining whether a stay is appropriate: 1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; 2) the breadth of discovery and the burden of responding to it; and 3) the risk of unfair prejudice to the party opposing the stay.  See Telesca, 2006 WL 1120636, at *1; In re Currency Conversion, 2002 WL 88278, at *1 (S.D.N.Y.

2005). Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, the type of motion and whether it is a challenge as a matter of law or to the sufficiency of the allegations, and the posture or stage of the litigation. See Telesca, 2006 WL 1120636, at *1; Hachette Distribution, 136 F.R.D. at 358.

This Court has preliminarily reviewed the papers submitted by the parties with respect to defendants' motion to dismiss plaintiff's claims. While the defendants may have substantial arguments for dismissal of some of the claims, this Court is doubtful that defendants will succeed in dismissing all of the claims against them. For example, defendants argue that plaintiff's denial of fair trial claim is duplicative of the false arrest and malicious prosecution claims. However, many courts in this Circuit have permitted claims for denial of the right to a fair trial based on the same fabrication of evidence underlying the plaintiff's Fourth Amendment claims. See, e.g., Ricciuti v. N.Y. City Transit Auth., 124 F.3d 123, 130 (2d Cir. 1997); Nibbs v. City of N.Y., 800 F. Supp. 2d 574, 576 (S.D.N.Y. 2011); Brandon v. City of N.Y., 705 F. Supp. 2d 261, 275-76 (S.D.N.Y. 2010); Cruz v. Reilly, 2009 WL 2567990, at *3 (E.D.N.Y. 2009); Schiller v. City of N.Y., 2008 WL 200021, at *9-*10 (S.D.N.Y. 2008); Jovanovic v. City of N.Y., 2006 WL 2411541, at *12-*13 (S.D.N.Y. 2006). Even if probable cause existed for plaintiff's arrests, defendants still could be liable for

-3-

fabricating evidence against plaintiff.  See Ricciuti, 124 F.3d at 129-30 ("No arrest no matter how lawful or objectively reasonable, gives an arresting officer . . . license to deliberately manufacture false evidence against an arrestee.").

Defendants also argue that plaintiff's excessive force claim stemming from his being handcuffed fails to state a claim. Courts have dismissed claims of excessive force where the handcuffing is routine but have found that handcuffing can give rise to a section 1983 claim where the plaintiff suffers an injury.  Compare Drummond v. Castro, 522 F. Supp. 2d 667, 679 (S.D.N.Y. 2007) (plaintiff failed to present any evidence apart from tight handcuffs) and Hamlett v. Town of Greenbugh, 2007 WL 119291, at *3 (S.D.N.Y. 2007) (finding numbness resulting from handcuffing insufficient to constitute excessive force) with Gonzalez v. City of N.Y., 2000 WL 516682, at *4 (E.D.N.Y. 2000) (denying summary judgment where plaintiff presented evidence of permanent injury from handcuffs).  Among the factors courts consider in determining whether a case involves routine handcuffing is whether the handcuffs were unreasonably tight, whether the officers ignored the arrestee's pleas that the handcuffs were too tight and the degree of injury to the arrestee's wrists.  See Jouthe v. City of N.Y., 2009 WL 701110, at *13-*16 (E.D.N.Y. 2009) (discussing Esmont, 371 F. Supp. 2d 202, 215 (E.D.N.Y. 2009)).  Plaintiff alleges that the tight handcuffs placed on him caused "pain . . . and numbness," "resulting in physical injuries," and that his complaints were

-4-

"ignored by [defendant] Gong." Amended Complaint at ¶¶ 17-18, 69-70. Although plaintiff's allegations are vague, they may be sufficient to survive defendants' motion to dismiss.

While discovery is often an onerous process, the parties have completed document discovery and defendants have failed to prove that it will be unduly burdened by taking or defending depositions. Defendants predict that at least 9 depositions will be required, including several non-parties, which appears to be an overgenerous estimate. For example, the testimonies of both police officers Raznikiewicz and Pinkey would be duplicative, the testimony of the Administrative Law Judge is not necessary since his Decision and Order speaks for itself and the parties could agree on a stipulation in lieu of testimony from a representative of the Recording Industry Association of America as the parties did at plaintiff's trial arising out of the August 13th arrest. In any event, having to participate in the depositions of non-party witnesses also does not constitute "good cause." See Hollins v. United States Tennis Ass'n, 469 F. Supp. 2d 67, 79 (E.D.N.Y. 2006); Howard v. Galesi, 107 F.R.D. 348, 350 (S.D.N.Y. 1985). The fact that plaintiff has already sought to schedule the depositions of defendants weighs against delaying discovery by granting a stay. See Hachette Distribution, 136 F.R.D. at 359. On the other hand, plaintiff has not articulated how he would be prejudiced by a stay.

In sum, after weighing the relevant factors, I find that defendants have not established good cause to warrant a stay of

-5-

all discovery pending the Court's ruling on defendants' motion to dismiss.  However, the defendants' motion is granted to the extent of staying Monell discovery.  Accordingly, the application for a stay is granted in part and denied in part.

## CONCLUSION

For the foregoing reasons, the defendants' application for a stay is granted as to Monell discovery and denied in other respects.

**SO ORDERED.**

Dated:    Brooklyn, New York
          March 20, 2012

                                       /s/
                                    MARILYN D. GO
                                    UNITED STATES MAGISTRATE JUDGE